IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 1:19-cv-112 |
| | § | |
| $34,990.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

# **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

Defendant In Rem

2. The defendant property is $34,990.00 in United States Currency (Defendant Property). Deputies with the Orange County Sheriff's Office seized the Defendant Property on October 10, 2018. The Defendant Property is currently in the custody of the United States Marshals Service.

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to

**Verified Complaint – Page 1**

28 U.S.C. § 1355(a).

4. The Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (i) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

Facts

7. On October 10, 2018, Orange County Sheriff's Office (OCSO) Investigator Allen Burleson and Sergeant Tracy Sorge conducted a traffic stop on a 2005 Kenworth Truck Tractor on IH-10 at Mile Marker 872 in Orange County, Orange, Texas. The driver and lone occupant was identified as Jose Bello-Amigo, hereinafter referred to as Bello. Florida Department of Motor Vehicles indicated the vehicle is registered to E & S Transportation, Inc., with the owner/lessor being Rodolfo Hernandez, hereinafter referred to as Hernandez.

Upon questioning Bello, Sergeant Sorge and Investigator Burleson, through training and experience, noticed Bello's body demeanor displayed elevated amounts of physical nervousness along with inconsistent travel itinerary. Sergeant Sorge requested and received consent to search the vehicle from Bello.

Upon request, Bello presented the vehicle cab-card. On receipt, the Florida apportioned cab-card indicated E & S Transportation, Inc. had a single power unit or a fleet of one truck, the only truck in the company and the one that was currently detained. The single unit company confirmed that a cross-country trip was not within industry standards. While examining the cab-card travel pack, it was noted that four trailer registrations were present. This indicated that a single truck company would not be able to function within the industry if transporting legitimate commodities. Sergeant Sorge requested Bello's e-log book. It was discovered Bello was not utilizing his e-log as required and later surrendered a hand written, very incomplete, log. The logs were not to industry standards and were incomplete with drive dates left blank.

Upon searching of the vehicle, Sergeant Sorge noticed a blue garment bag atop the sleeper's driver's side cabinet. Inside the bag, Sergeant Sorge located a firm squared object, which was discovered to be a large block of U.S. Currency wrapped in newspaper and within a plastic bag. The garment bag contained $34,990.00 U.S. currency bound by rubber bands. Also found in the vehicle, a self-made pack of rubber bands was located in the glove box and duct tape in the sleeper. It should be noted the rubber bands were similar to bands that secured the currency into bundles.

During a Post-Miranda interview, Bello claimed ownership of the money and stated it was savings from his employment as a truck driver over the last 11 years. Bello stated he had approximately $27,000 saved prior to his imprisonment in 2014, and continued to save once he re-established employment upon his release from federal prison. A/RAC Vincent asked Bello why he did not have his money in a bank and Bello responded that he was, "Old school Hispanic" and did not "trust banks." A/RAC Vincent pointed to a bankcard in Bello's wallet and asked if this was Bello's bank account and Bello confirmed it was his, and claimed it currently had approximately $1,000 in the account. Additionally, Bello claimed he kept his savings in a cabinet at his residence, while in prison and did not tell his wife about the money. Bello also admitted signing a court document during his prosecution in Florida, in which he denied having any money in order for the court to appoint him counsel on his federal charges. When asked why he was untruthful on the affidavit in court, Bello stated that he did not think he could justify having it because of his drug case. Bello also provided a telephone number for the manager of E & S Transportation, Inc., whom he identified as Sylvia Nunez, the daughter of Rodolfo Hernandez. A query of available DEA databases associated the phone number with E & S Transportation, Inc., linked to a 400 lb. marijuana seizure in an E & S Transportation commercial vehicle on 06/19/2016.

An NCIC query revealed Bello was arrested on 7/17/14 for Conspiracy to possess with intent to distribute five or more kilograms of cocaine, which involved Bello participating in the negotiations for the purchase of 12 kilograms of cocaine. Bello was

convicted and sentenced on 12/19/14 to 24 months in the Bureau of Prisons and placed on 36 months supervised release on or about 12/22/19.

A certified narcotic K-9 conducted a free air search of the vehicle and bag containing the currency, and the K-9 gave a positive alert to both.

Bello states he is employed by Hernandez under E & S Transportation, Inc., however a query of the Florida Workforce Commission (FWC) indicated Bello has no reportable income.

Because of Bello's past history, along with his story about the currency, which the Officers found to lack credibility, and the positive alert by the drug K-9, the currency was seized as likely proceeds of illegal drug activity.

Potential Claimants

8. The only known potential claimants to the Defendant Property are:

Jose Bello-Amigo
Represented by Charles Zavala Esq.
2950 North West Loop, Suite 500
Houston, Texas 77092; and

E&S Transportation, Inc. / Rodolfo Hernandez
6922 North Hale Avenue
Tampa, Florida 33614-3854.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

**Verified Complaint – Page 5**

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

/s/
MICHAEL W. LOCKHART
Assistant United States Attorney
Eastern District of Texas
Texas Bar No. 12472200
350 Magnolia Avenue, Suite 150
Beaumont, Texas  77701-2237
(409) 839-2538
(409) 839-2643 (fax)
michael.lockhart@usdoj.gov

**Verified Complaint – Page 6**

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael W. Lockhart, hereby state that:

1. I am an Assistant United States Attorney for the Eastern District of Texas.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States and information received from law enforcement officers.

I state and verify under penalty of perjury that the foregoing is true and correct.

      /s/ Michael W. Lockhart
     MICHEAL W. LOCKHART
     Assistant United States Attorney

Dated: March 1, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>$34,990.00 IN UNITED STATES<br>CURRENCY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:19-cv-112 |

## ORDER FOR WARRANT OF ARREST IN REM

TO:  The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on March 1, 2019, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

**Order for Warrant of Arrest in Rem - Page 2 of 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 1:19-cv- |
| | § | |
| $34,990.00 IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## APPLICATION FOR WARRANT OF ARREST IN REM

The United States of America, by its undersigned counsel, respectfully requests that the Clerk of this Court issue the attached warrant of arrest in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States shows as follows:

1. On March 1, 2019, the United States filed a complaint for civil forfeiture in rem in the above-referenced case seeking forfeiture of $34,990.00 in United States currency (defendant property).

2. The defendant property is in the possession, custody, and control of the United States, to wit:  United States Marshals Service, which obtained custody on October 10, 2018, pursuant to a probable cause search.

3. Supplemental Rule G(3)(b)(i) provides that if property is subject to forfeiture in a civil forfeiture case, and the property is in the Government's possession, custody, or control, the clerk "must issue a warrant to arrest the property."

Accordingly, the United States respectfully requests that the Clerk of the Court issue the attached warrant of arrest in rem.

>                     Respectfully submitted,
>
>                     JOSEPH D. BROWN
>                     UNITED STATES ATTORNEY
>
>                     _____/s/_____
>                     MICHAEL W. LOCKHART
>                     Assistant United States Attorney
>                     Eastern District of Texas
>                     Texas Bar No. 12472200
>                     350 Magnolia Avenue, Suite 150
>                     Beaumont, Texas  77701-2237
>                     (409) 839-2538
>                     (409) 839-2643 (fax)
>                     michael.lockhart@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> Plaintiff, § <br> § <br> v. § <br> § <br> $34,990.00 IN UNITED STATES § <br> CURRENCY § <br> Defendant. § | No. 1:19-cv-112 |

## **WARRANT OF ARREST IN REM**

TO:    The United States Marshal for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On March 1, 2019, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $34,990.00 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1. To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii) for exceptions for serving as soon as practicable] by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2. Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

                                                DAVID O'TOOLE
                                                Clerk of the Court
                                                United States District Court for the
                                                Eastern District of Texas

                                                By: _____
                                                     Deputy Clerk

℅JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$34,990.00 in U.S. currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Orange**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael W. Lockhart, USAO, 350 Magnolia Ave, Suite 150
Beaumont, Texas 77701 (409) 839-2538

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 03/01/2019
SIGNATURE OF ATTORNEY OF RECORD /s/ Michael W. Lockhart

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____